FILED

2015 MAR 30 PM 4: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 15-CR15-0161 |
| Plaintiff, ) | I N F O R M A T I O N |
| v. ) | [18 U.S.C. § 371: Conspiracy] |
| NOBERTO MARTINEZ, ) | |
| Defendant. ) | |

The Acting United States Attorney charges:

[18 U.S.C. § 371]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1. The Boeing Company ("Boeing") was a Delaware corporation with its headquarters and principal place of business in Seattle, Washington. Boeing's business included the research, development, manufacture, and sale of satellites. Boeing had direct contracts to sell satellites, satellite parts, and other products to United States government agencies, including the Department of Defense, United States Air Force,

National Aeronautical Space Administration, and United States National Reconnaissance Office. Boeing Space and Intelligence Systems, Inc. ("BSIS") was a subsidiary of Boeing headquartered in Seal Beach, California, within the Central District of California.

2. BSIS employed Mark Allen ("Allen") as a procurement agent located in El Segundo, California, within the Central District of California. Allen procured items and services from subcontractors used by BSIS on its United States government and other contracts. The process that Allen was supposed to employ to find subcontractors was a competitive bidding process in which Allen sent requests for bids to various subcontractors; subcontractors submitted bids for items and services to Allen; and Allen was supposed to award purchase orders to the subcontractors with the best bids.

3. Raymond Joseph ("Joseph") was an independent outside sales representative for numerous subcontractors that did business with BSIS and other United States government contractors, including Zenitram Engineering and Manufacturing, Inc. ("Zenitram").

4. Zenitram was a California corporation located in Torrance, California, within the Central District of California. Zenitram worked as a subcontractor for BSIS and supplied items required for contracts that BSIS had with various United States government agencies and commercial entities.

5. Defendant NOBERTO MARTINEZ ("defendant MARTINEZ") owned and controlled Zenitram and was responsible for its day-to-day operations.

B. OBJECTS OF THE CONSPIRACY

6. Beginning in or about 2009 and continuing through in or about February 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARTINEZ, Joseph, Allen, and others known and unknown to the Acting United States Attorney, knowingly combined, conspired, and agreed to commit the following offenses against the United States:

    a. To offer kickbacks, in violation of Title 41, United States Code, Sections 8702 and 8707; and

    b. To defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of a government agency, namely, the Internal Revenue Service ("IRS"), by deceitful and dishonest means.

C. THE MANNER AND MEANS OF THE CONSPIRACY

7. The objects of the conspiracy were to be carried out, and were actually carried out, in substance, as follows:

    a. Starting in or about 2009, Allen agreed to award BSIS purchase orders relating to Boeing's government contracts to subcontractors represented by Joseph, including Zenitram, who agreed to pay him kickbacks through Joseph.

    b. Allen assisted Zenitram in obtaining BSIS purchase orders by providing defendant MARTINEZ with confidential information that gave Zenitram an improper

advantage in bidding on purchase orders.

      c.    Defendant MARTINEZ and Joseph submitted quotes on behalf of Zenitram to BSIS to produce and deliver specific products.

      d.    Allen awarded BSIS purchase orders to Zenitram.

      e.    Zenitram delivered the products to BSIS.

      f.    Defendant MARTINEZ sent invoices on behalf of Zenitram to BSIS in order to get paid for work under the purchase orders.

      g.    Defendant MARTINEZ paid a commission to Joseph, which was approximately 13% of the money paid by BSIS on each purchase order, and a kickback to Allen, which he paid through Joseph.

      h.    Defendant MARTINEZ concealed the kickbacks to Allen by writing two checks to Joseph, who deposited the checks in his bank account and then withdrew cash to pay kickbacks to Allen.

      i.    Defendant MARTINEZ did not disclose to BSIS that he was paying kickbacks to Allen through Joseph in exchange for BSIS purchase orders, and that Allen was giving him confidential information that gave Zenitram an improper advantage in bidding on those purchase orders.

      j.    At the direction of Joseph, defendant MARTINEZ had Zenitram issue IRS Forms 1099 to Joseph for less than the amounts Zenitram had paid him, and issue checks and IRS Forms 1099 in the names of Joseph's relatives, even though they had not performed any services for Zenitram.

   k. With defendant MARTINEZ's knowledge, Joseph used the false IRS Forms 1099 as the basis for his filed 2010 federal income tax return, which understated his taxable income.

   l. As a direct and intended result of the conspiracy, Zenitram received approximately $328,000 in BSIS purchase orders, and defendant MARTINEZ paid approximately $39,000 to Joseph and approximately $6,000 to Allen.

   m. The loss to the United States resulting from defendant MARTINEZ's impeding, impairing, obstructing, and defeating the lawful functions of the IRS with respect to Joseph's false 2010 tax return was approximately $4,000.

D. <u>OVERT ACTS</u>

  8. In furtherance of the conspiracy, and to accomplish its objects, defendant MARTINEZ, Joseph, and Allen, together with others known and unknown to the Acting United States Attorney, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

  <u>Overt Act No. 1</u>: In or about September 2009, defendant MARTINEZ obtained AS9100 quality certification for Zenitram in order to become a registered BSIS supplier.

  <u>Overt Act No. 2</u>: On or about May 12, 2010, for its work done on Boeing Purchase Order NNB8-928394, which was related to one of Boeing's contracts with the United States government, defendant MARTINEZ had Zenitram issue an invoice for payment to Boeing for approximately $5,815.

   Overt Act No. 3: On or about July 2, 2010, defendant MARTINEZ issued two checks from Zenitram's bank account to Joseph in the amount of $2,479 and $1,377.

   Overt Act No. 4: On or about July 13, 2010, for its work done on Boeing Purchase Order NNB8-930090, which was related to one of Boeing's contracts with the United States government, defendant MARTINEZ had Zenitram issue an invoice for payment to Boeing for approximately $4,703.

   Overt Act No. 5: On or about October 28, 2010, for product delivered to BSIS under Purchase Order NNB8-930138, which was related to one of Boeing's contracts with the United States government, defendant MARTINREZ had Zenitram issue an invoice for payment to Boeing for approximately $22,275.

   Overt Act No. 6: On or about November 22, 2010, defendant MARTINEZ issued two checks from Zenitram's bank account to Joseph in the amount of $3,214 and $1,786.

///
///

Overt Act No. 7: In or about 2011, defendant MARTINEZ had Zenitram issue IRS Form 1099 representing that it had paid Joseph $22,000 in 2010, even though it had paid him approximately $38,947 that year.

STEPHANIE YONEKURA
Acting United States Attorney

*/s/ Scott Garringer*
Scott Garringer
Deputy Chief, Criminal Division

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

JILL T. FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

STEPHEN I. GOORVITCH
DAVID L. KIRMAN
Assistant United States Attorneys
Major Frauds Section

7